IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AICCO, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-08-2938 |
| | § | |
| TRADESTAR CONSTRUCTION SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

**<u>OPINION AND ORDER</u>**

Since the withdrawal of its attorney in March 2009 (#19 and 20), Defendant Tradestar Construction Services, Inc. ("Tradestar") has not been represented by counsel in this litigation.

In federal court a corporation cannot proceed *pro se*, but must be represented by counsel. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 and n.4 (5th Cir. 2004), *citing Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by counsel"). *See also Southwest Express Co. v. Interstate Commerce Commission*, 670 F.2d 53, 55 (5th Cir. 1982). As the Fifth Circuit has explained,

> Although 28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from

appearing in federal court without an attorney. *Memon*, 385 F.3d at 873, citing *Rowland*, 506 U.S. at 202. Nevertheless, the Fifth Circuit requires a court to warn a corporation that it must retain counsel or formally order it to do so before striking the pleadings of corporate defendant attempting to proceed without an attorney. *Id.*

In the instant action on April 19, 2010, this Court issued an Opinion and Order (#36) mandating that Tradestar must "obtain counsel and file a notice of appearance within thirty days. Failure to comply may result in the Court's striking Defendant's pleadings and entering a default judgment against it." When no one filed an appearance, on May 20, 2010 the Court ordered D. Hughes Watler, Jr., Tradestar's Chief Financial Officer of Tradestar's parent company, Stratum Holdings, Inc.,[1] who was listed on the docket sheet as representing Tradestar and who had signed pleadings after the withdrawal of Tradestar's attorney, to appear for an *ex parte* hearing before the Court on June 15, 2010. #37. Mr. Watler requested a continuance, so on June 10, 2010 the Court reset the hearing for June 17, 2010. #38. On June 17, 2010 Mr. Watler appeared and asked for three or four more months, and the Court granted his request and reset the hearing for October 15, 2010. On October 13, 2010, the Court received an email (#41) from Mr. Watler requesting another continuance of four to eight weeks. The Court

---

[1] See instrument #41.

again reset the hearing, this time for December 17, 2010.

Mr. Watler appeared before the Court on this date, still without an attorney for Tradestar. Accordingly, the Court

ORDERS that Tradestar's pleadings are STRICKEN and default is hereby entered against it. The Court further

ORDERS that AICCO submit a proposed final default judgment reflecting pre- and post-judgment interest, together with an affidavit supporting its request for attorney's fees.

Signed at Houston, Texas, this 17th day of December, 2010.

_____
Melinda Harmon
United States District Judge